IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL NO. 150 HEALTH AND WELFARE FUND; PLUMBERS AND STEAMFITTERS LOCAL NO. 150 PENSION FUND; PLUMBERS AND STEAMFITTERS LOCAL NO. 150 PROFIT SHARING FUND f/k/a PLUMBERS AND STEAMFITTERS LOCAL NO. 150 ANNUITY FUND, and JEFFERY G. RICE and RORY LaFONTAINE, as representative Trustees of these funds,<br><br>   Plaintiffs,<br><br>v.<br><br>ARK INDUSTRIAL, INC.,<br><br>   Defendant. | CIVIL ACTION NO.<br><br>_____ |

### COMPLAINT

COME NOW Plaintiffs and file their Complaint against Defendant ARK Industrial, Inc. ("Defendant"):

### PARTIES[1]

1.

Plaintiffs Plumbers and Steamfitters Local No. 150 Health and Welfare Fund, Plumbers and Steamfitters Local No. 150 Pension Fund, and Plumbers and

---

[1] Pursuant to S.D. Ga. LR 3.2, Plaintiffs hereby incorporate into this Complaint their Certificate of Interested Parties, filed herewith.

Steamfitters Local No. 150 Profit Sharing Fund, formerly known as Plumbers and Steamfitters Local No. 150 Annuity Fund (collectively, "the Funds") are employee benefit plans within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3). Pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1), the Funds have capacity and standing to bring this suit.

2.

Jeffery G. Rice and Rory LaFontaine are representative trustees (the "Trustees") of the Funds. The Trustees exercise discretionary authority and control with respect to the management and disposition of the assets of the Funds. Accordingly, the Trustees are "fiduciaries" of the Funds within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries, and not in any individual capacity.

3.

Defendant is a for profit corporation organized and existing under the laws of the State of Georgia. Defendant conducts business and resides in the Southern District of Georgia, and is subject to the jurisdiction of this Court. Plaintiffs' Summons and Complaint may be served upon Defendant's registered agent, Judith Duncan, 6190 Double Branches Rd., Lincolnton, Georgia 30817.

4.

Defendant is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## VENUE AND JURISDICTION

5.

This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f); and 28 U.S.C. §§ 1331 and 1337.

6.

Venue of this action is proper in the Southern District of Georgia under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 with respect to all claims asserted by Plaintiffs because Defendant conducts business, resides, and may be found in the Southern District of Georgia.

7.

Pursuant to ERISA § 502(h), 29 U.S.C. § 1132(h), upon the Court's entering of this case into the CM/ECF system and the Court's assignment of a civil case number, Plaintiffs will promptly serve by certified mail filed copies of this Complaint bearing the civil case number upon the Secretary of Labor and the Secretary of the Treasury.

## CAUSE OF ACTION

8.

Pursuant to the Project Labor Agreement between Parsons Savannah Construction Company, the August Building and Construction Trades Council, AFL-CIO, and the Local Unions' signatories thereto (the "Project Agreement"), to which Defendant has assented, Defendant is liable to each of the Funds for fringe benefit contributions (the "Contributions") due and owing each of them.

9.

Pursuant to the Project Agreement, Art. XII, Contributions shall be paid in the manner set forth in the written terms of the trust agreements specifying the detailed basis on which the payments are to be made into the Funds ("Trust Agreements").

10.

Pursuant to the Trust Agreements establishing the Funds, Contributions to the Funds shall be made by contributing employers in the manner set forth in the rules and regulations enacted by the Trustees regarding Defendant's Contributions obligations (the "Collection Procedures").

11.

The Collection Procedures provide that Defendant is required to submit to Plaintiffs each month reports showing the Contributions for work performed during the previous month and is required to remit to Plaintiffs all Contributions due and

owing the Funds for any given month by the 10th day of the following month and these are deemed delinquent if not made by the 20th day.

12.

Defendant has defaulted on its duty in regard to the obligations described above in Paragraphs 8 through 11 by failing to submit its Contributions reports and pay in a timely manner the full Contributions owed to the Funds for work performed during the months of July 2012 and thereafter through the present.

13.

The total amount of unpaid Contributions owed to the Funds as a result of Defendant's conduct described in Paragraph 12 is a minimum of approximately $28,068.80.

14.

As a result of its delinquency on its Contributions obligations, Defendant has also accrued liquidated damages that have been assessed by the Funds pursuant to the Trust Agreements and the rules and regulations enacted by the Trustees.

15.

The total amount of liquidated damages owed to the Funds as a result of Defendant's conduct described in Paragraph 12, to date, and assessed by the Funds pursuant to the Trust Agreements and the rules and regulations enacted by the Trustees described in Paragraph 14, is a minimum of approximately $1,986.73.

16.

As outlined herein, Defendant has breached its duties and obligations to the Funds under ERISA § 515, 29 U.S.C. § 1145, under the Project Agreement, and under the Trust Agreements.

17.

Pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), the Funds are entitled to recover from Defendant all unpaid Contributions due and owing them.

18.

Pursuant to ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover from Defendant interest, in accordance with ERISA § 502(g)(2), on all untimely paid Contributions.

19.

Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Funds also are entitled to recover an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds' plans in an amount not in excess of 20% of the untimely paid Contributions  (the "ERISA Statutory Damages").

20.

Pursuant to ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the Funds are entitled to recover their expenses of this action, including their attorneys' fees.

\* \* \*

WHEREFORE, Plaintiffs pray that this Court grant relief as follows:

(a) Enter judgment against Defendant for all unpaid Contributions due and owing to the Funds, at this time a minimum of approximately $28,068.80;

(b) Enter judgment against Defendant for all liquidated damages due and owing to the Funds, at this time a minimum of approximately $1,986.73;

(c) Enter an order directing Defendant to submit all employer reports due Plaintiffs, including but not limited to reports for work completed in July 2012 and thereafter through the present;

(d) Enter judgment against Defendant for interest, in accordance with ERISA § 502(g)(2), on all unpaid Contributions;

(e) Enter judgment against Defendant for ERISA Statutory Damages on all untimely paid Contributions;

(f) Enjoin Defendant from breaching the Project Agreement, the Trust Agreements and all rules and regulations enacted by the Trustees regarding Defendant's Contributions obligations;

(g) Award Plaintiffs their expenses incurred in this action, including their attorneys' fees; and

(h) Grant Plaintiffs such other relief as this Court deems appropriate.

This 19th day of September, 2012.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

/s/ Brett S. Montroy
Eric Jon Taylor
Georgia Bar No. 699966 *(application for admission pro hac vice forthcoming)*
Brett S. Montroy
Georgia Bar No. 940485

1500 Marquis II Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
(404) 523-5300
(404) 522-8409 Facsimile
Email:  ejt@phrd.com
         bsm@phrd.com            *Attorneys for Plaintiffs*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL NO. 150 HEALTH AND WELFARE FUND; PLUMBERS AND STEAMFITTERS LOCAL NO. 150 PENSION FUND; PLUMBERS AND STEAMFITTERS LOCAL NO. 150 PROFIT SHARING FUND f/k/a PLUMBERS AND STEAMFITTERS LOCAL NO. 150 ANNUITY FUND, and JEFFERY G. RICE and RORY LaFONTAINE, as representative Trustees of these funds, <br><br> Plaintiffs, <br><br> v. <br><br> ARK INDUSTRIAL, INC., <br><br> Defendant. | CIVIL ACTION NO. <br><br> _____ |

**PLAINTIFFS' CERTIFICATE OF INTERESTED PARTIES**

Pursuant to Federal Rule of Civil Procedure 7.1 and Southern District of Georgia Local Rule 3.2, the undersigned, counsel of record for Plaintiffs, certifies that the following is a full and complete list of the parties in this action:

- Plumbers and Steamfitters Local No. 150 Health and Welfare Fund, Plaintiff;

- Plumbers and Steamfitters Local No. 150 Pension Fund, Plaintiff;

- Plumbers and Steamfitters Local No. 150 Profit Sharing Fund, formerly known as Plumbers and Steamfitters Local No. 150 Annuity Fund, Plaintiff (collectively, "the Funds");
- Jeffery G. Rice, as trustee of the Funds;
- Rory LaFontaine, as trustee of the Funds; and,
- ARK Industrial, Inc., Defendant.

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties:

**Plaintiffs:**

- Jeffrey G. Rice, trustee of the Funds;
- Rory LaFontaine, trustee of the Funds;
- Larry L. Hall, trustee of the Funds;
- Joan Harmon, trustee of the Funds;
- Jackie K. Nordeen, Jr., trustee of the Funds; and,
- Patrick H.F. Smith IV, trustee of the Funds.

**Defendant (based upon publicly available information):**

- Judith Duncan, CEO, CFO and Registered Agent of Defendant; and,
- Larry C. Duncan, Secretary of Defendant.

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial

2

interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship): **None.**

This 19th day of September, 2012.

                                                Respectfully submitted,

                                                **PARKER, HUDSON, RAINER & DOBBS LLP**

                                                /s/ Brett S. Montroy
                                                Eric Jon Taylor
                                                Georgia Bar No. 699966 *(application for admission pro hac vice forthcoming)*
                                                Brett S. Montroy
                                                Georgia Bar No. 940485

1500 Marquis II Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
(404) 523-5300
(404) 522-8409 Facsimile
Email:  ejt@phrd.com
       bsm@phrd.com                        *Attorneys for Plaintiffs*

3